# Smith *v*. Strobach.

### *Mandamus against Auditor, at Suit of Sheriff.*

*Discharge of persons arrested or committed for misdemeanor, on their own recognizance, before conviction.* — Under the provisions of the act approved December 17, 1873 (Session Acts 1873, p. 56), the sheriff has no power to discharge, on their own recognizance, persons who are in his custody under commitment by a magistrate; only the committing magistrate, or the officer who makes the arrest, has that authority.

[Smith *v.* Strobach.]

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JAMES Q. SMITH.

BEN. GARDNER, Attorney General, and R. M. WILLIAMSON, for the appellant.

STONE & CLOPTON, *contra.*

BRICKELL, J. — The appellee, as the sheriff of Montgomery county, applied by petition to the circuit court of that county, for a *mandamus*, directed to the appellant as auditor, commanding him to draw his warrant on the treasurer, in favor of the petitioner, for the amount of an account claimed by him to be due to him as such sheriff, for feeding certain prisoners in his custody, charged with misdemeanors, who were imprisoned in the county jail under mittimus from committing magistrates. The auditor appeared, answered, and demurred to the petition. The court overruled the demurrer, and rendered judgment for the petitioner, awarding a peremptory *mandamus* against the auditor; and from that judgment this appeal is taken.

The question presented by the record is, whether it was not the duty of the sheriff to discharge the persons so imprisoned, after the passage of the statute of December 17, 1873, on their own recognizance; and not having done so, whether he is entitled to compensation for feeding them after that time. The provisions of that statute, so far as they are material to this question, are in these words : " That any person who is arrested, charged with a misdemeanor, and is held to answer the same, or who is arrested by virtue of a *capias*, or an indictment for a misdemeanor, shall be discharged by the committing magistrate, or officer making the arrest under a *capias*, on his own recognizance, without security." Session Acts 1873, p. 56. Under this statute, the sheriff has no power to discharge a person not arrested by him or his deputy, under a *capias*, or writ of arrest. If one charged with a misdemeanor is committed to his custody, by process from a magistrate, or court of competent authority, obedience to the mandate of the process is his only duty. For the victualling of such person, while in his custody under such process, he is entitled to compensation.

This seems to have been the view of the court below, and its judgment is affirmed.